[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14197
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:11-cr-191-EAK-MAP-1

UNITED STATES OF AMERICA,

                                                                Plaintiff-Appellee,

versus

EVANS PIERRE,
a.k.a. Chrismond Joseph,

                                                                Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 16, 2012)

Before TJOFLAT, EDMONDSON and BARKETT, Circuit Judges.

PER CURIAM:

Evans Pierre appeals his total 41-month sentence after pleading guilty to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2), and entering the United States at a place or time other than designated by immigration officers, in violation of 8 U.S.C. § 1325(a)(1). Pierre argues that his 41-month sentence is unreasonable, because it was greater than necessary to achieve the purposes of sentencing, and a downward variance to a 24-month sentence would have accomplished the goals of 18 U.S.C. § 3553(a).

Pierre was previously convicted of conspiracy to distribute cocaine base. In that case, the sentencing court found that Pierre had received credible threats from codefendants due to his cooperation with the government and had granted him a four-level downward departure. After serving sentence for that offense and following his deportation to Haiti, Pierre re-entered the United States because, he claimed, those same codefendants were living in Haiti and continued to threaten him. He argues that, because of this evidence of threats against him in Haiti, his 41-month sentence is unreasonable and the court should have granted a downward variance to 24 months. Pierre argues that a sentence of 24 months would have reflected the seriousness of the offense and accomplished all of the § 3553(a) factors.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). We may "set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011).

A sentence is procedurally reasonable if the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Once we determine that a sentence is procedurally reasonable, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id.* "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 674 (2010). Although we do not automatically presume a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Here, the district court properly calculated the guideline range, based the sentence on the undisputed facts set forth in the presentence investigation report, and stated that it had considered the § 3553(a) factors. Further, Pierre's 41-month sentence was within the applicable guideline range and well below the statutory maximum term of imprisonment. A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

**AFFIRMED.**